m , The opinion of the Court was delivered by
Tilghman C. J. —
This action was brought by the missioners of Centre county, for the use of McKean county, • . „ _ . « * against the sureties ot Ehsha Moore in nis omcial bond, as Treasurer of Centre county. Moore, as Treasurer of county, had money in his hands, belonging to county, and for a balance supposed to be due to county, this suit was brought. The counsel for the plaintiffs having called for the public book in which the accounts of the Treasurer of MiKean county were kept, it was duced bv the defendants, and such parts were read in - r dence by the plaintiffs’ counsel, as they selected. The defendants’ counsel then offered to read, from the same book, the account of John Ki?ig, the Treasurer of M'-Kean county, settled by the auditors of the county, and signed by them, To this evidence the counsel for the plaintiffs objected, but the Court admitted it, and an exception was taken to their opinion. In support of the exception it has been said, that the book ought not to have been admitted, without proof the hand writing of the auditors who settled the account, and proof also that they were the auditors, and that King was the Treasurer of M'-Kean county. But there is no force in . .. T ,,. . these objections. It was the public book or the county, which the accounts of it’s Treasurers were kept and settledj and it had been called for, and given in evidence by the plaintiffs. After this, they could not deny that it was evi *408 dence, subject nevertheless to explanation, or contradiction. When it appeared by this book, that King was Treasurer of the county, and that certain persons calling themselves auditors, had settled and signed his account, it lay upon the plaintiffs to shew, that King was not Treasurer, or those persons not auditors. Another objection to the evidence, was, that it was not the best the nature of the case admitted, because by the Act of 30th March, 1791, the auditors who have settled the Treasurer’s account, are directed “to report the same, with the balance due to or from the Treasurer, to the next county Court of Common Pleas, who shall thereupon cause such report and settlement to be filed among the records of the said Court, and such report, from the time of being so filed, shall have the effect of a judgment upon the lands, &c. of such Treasurer, who shall appear to be indebted, &c.” The plaintiffs’ counsel contend, that the best evidence was a certified copy of the report and settlement, filed among the records of the county. But in this, I think they are mistaken. The reasons, for ordering this report and settlement to be filed of record, were, that they ought to be preserved, and be alien. But, in the nature of things, the report could not be more satisfactory evidence than the original. A certified copy of a deed recorded according to law, is evidence ; but not better evidence than the original. Besides, the report made by the auditors, is not a complete copy of the original — it does not give all the items of the account, but only the result of it, and the balance due. It would be impossible therefore, for the defendants to shew the item which is material to their defence, without producing the book in which the account was settled. The book, therefore was good and necessary evidence.
The plaintiffs except to the charge of the President of the Court of Common Pleas, because he told the jury, that the settlement of the Treasurer’s (King’s) account in the book given in evidence, was decisive proof that the money for which this suit was brought, had been received by M-Kean county. The only matter in dispute, was the sum of three hundred and forty-five dollars and seventy-five cents, for which an order had been drawn by John King, Treasurer of MKean county, on E. Moore, Treasurer of Centre county, payable to A. Ferguson. Now, in the account of King, settled by the auditors, he had charged himself with this order, as so much *409 money received for the use of the county, and on the settlement of the account, there was a balance due to King. It appeared then, that the county had received the money, and whether King's order was paid or not by Moore, was perfectly immaterial in this action. It is our opinion, therefore, that the President was perfectly right in charging the jury, that the settled account of King, contained decisive evidence that M'Kean county had received the money for the recovery of which this suit was instituted. The judgment of the Court of Common Pleas ought therefore to be affirmed.
Judgment affirmed.